[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11910
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 90-00145-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERWIN EDWARDS, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 22, 2008)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Erwin Edwards, Sr. appeals the denial of his pro se 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. After review, we affirm.

## I. BACKGROUND

In 1991, a jury found Edwards guilty of conspiracy to possess with intent to distribute cocaine and a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, Edwards's base offense level was 38, pursuant to U.S.S.G. § 2D1.1(c)(3) (1990), because he possessed more than 1.5 kilograms of crack cocaine. After receiving a three-level role enhancement, Edwards's total offense level was 41. Edwards was designated a career offender under U.S.S.G. § 4B1.1 based on his two prior violent felonies, which gave him a criminal history category of VI. Edwards's resulting guidelines range was 360 months' to life imprisonment. The district court imposed a life sentence.

In March 2008, Edwards filed a § 3582 motion to reduce his sentence. Edwards's motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels under U.S.S.G. § 2D1.1 for crack cocaine offenses. See U.S.S.G. App. C, Amends. 706, 713; United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008).

The district court denied the motion, concluding that § 3582(c)(2) did not authorize a reduction in sentence. The district court explained that because

2

Edwards was sentenced as a career offender, Amendment 706 did not lower his guidelines range of 360 months' to life imprisonment. Edwards filed this appeal.

## II. DISCUSSION

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1) (Supp. May 1, 2008). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Moore, 541 F.3d at 1330; see also U.S.S.G. § 1B1.10(a)(2)(B) (Supp. May 1, 2008).[1]

Here, the district court did not err in concluding it lacked authority to modify Edwards's sentence. After Amendment 706, Edwards's base offense level would be 36 instead of 38, see U.S.S.G. § 2D1.1(c)(2) (Supp. May 1, 2008), and his total offense level would be 39. See United States v. Bravo, 203 F.3d 778, 780 (11th

---

[1]We review de novo a district court's legal conclusions regarding the scope of authority to modify a sentence under § 3582(c)(2). United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

Cir. 2000) (explaining that, in recalculating a defendant's sentence under an amended guideline, "[a]ll other guideline application decisions made during the original sentencing remain intact"). As a career offender with a criminal history category of VI, however, Edwards's sentencing range would remain 360 months' to life imprisonment. See U.S.S.G. Sentencing Table (providing a sentencing range of 360 months' to life imprisonment for a defendant with a criminal history category of VI and an offense level between 37 and 42). Thus, Amendment 706 did not lower Edwards's sentencing range, and § 3582(c)(2) does not authorize a reduction in his term of imprisonment. See Moore, 541 F.3d at 1327-28; U.S.S.G. § 1B1.10(a)(2)(B) (Supp. May 1, 2008). Because Edwards does not qualify for resentencing under § 3582(c)(2), the district court had no occasion to consider the 18 U.S.C. § 3553(a) factors and the advisory guidelines or to exercise its discretion to impose a new sentence.

To the extent Edwards argues that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) entitles him to a sentence reduction, Booker does not provide a jurisdictional basis for § 3582 relief. United States v. Jones, ___ F.3d ___, No. 08-13298, 2008 WL 4934033, at *2 (11th Cir. Nov. 19, 2008). Edwards's challenges to various sentencing calculations made at his original sentencing are outside the scope of this § 3582(c)(2) proceeding, and we do not address them.

4

See 18 U.S.C. § 3582(c)(2) (limiting proceedings under the statute to cases where a retroactive amendment affects the applicable guidelines range); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (explaining that all original sentence determinations remain unchanged in a § 3582(c)(2) proceeding except for the amended guidelines range).

**AFFIRMED.**