[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14081
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 89-00170-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN OTIS BURNSIDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 18, 2009)

Before BLACK, CARNES, and BARKETT, Circuit Judges.

PER CURIAM:

John Otis Burnside, a federal prisoner proceeding pro se, appeals the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 420-month sentence. Burnside contends that he is entitled to a sentencing reduction based on Amendment 506 to the Sentencing Guidelines, which addressed the definition of "Offense Statutory Maximum" as used in § 4B1.1. He also contends that the district court lacked subject matter jurisdiction in the sentencing proceeding because he involuntarily waived his right to counsel in violation of the Sixth Amendment. We affirm.

We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (citing United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002)).[1] We may affirm on any ground supported by the record. United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996).

Burnside first contends that he is entitled to a sentence reduction under Amendment 506 to the Sentencing Guidelines. The district court's order denying Burnside's motion for a reduced sentence does not refer to Amendment 506. Instead, it appears to have considered only the effect of Amendment 706. Amendment 706 does not lower Burnside's sentence because his convictions

---

[1]Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 n.3 (11th Cir. 1998).

involve powder cocaine and Amendment 706 applies only to crack cocaine convictions. See U.S.S.G. app. C, Amend. 706 (2007); United States v. James, 548 F.3d 983, 984–85 (11th Cir. 2008). Still, even assuming that the district court did not consider Burnside's argument regarding Amendment 506, we can affirm on any grounds supported by the record. Mejia, 82 F.3d at 1035.

Here we affirm because Amendment 506 does not operate to lower Burnside's sentence. Burnside contends that his guideline range was improperly enhanced under § 4B1.1 of the sentencing guidelines because his "Offense Statutory Maximum" was increased based on his prior criminal history in violation of Amendment 506. See U.S.S.G. app. C, Amend. 506.[2] He is wrong. For one thing, Amendment 506 was effectively superceded by Amendment 567; the sentencing guidelines now define "Offense Statutory Maximum" as used in § 4B1.1 as including "any increase in [the statutory] maximum term under a

---

[2] Amendment 506, effective November 1, 1994, changed the definition of "Offense Statutory Maximum" for the purposes of § 4B1.1 to:

> [T]he maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record . . . . For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the 'Offense Statutory Maximum' for the purposes of this guideline is twenty years and not thirty years.

U.S.S.G. app. C, Amend. 506.

sentencing enhancement provision that applies because of the defendant's prior criminal record." Id. § 4B1.1 cmt. n.2; see also id. app. C, Amend 567. More fundamentally, Burnside was convicted of, among other things, conspiracy to possess with intent to distribute at least five kilograms of cocaine, which has a statutory maximum penalty of life imprisonment. See 21 U.S.C. §§ 846, 841(b)(1)(A). Therefore, Burnside's base offense level was increased to 37 pursuant § 4B1.1 regardless of his past criminal history. See U.S.S.G. § 4B1.1(b). It follows that the district court used the proper base offense level in calculating Burnside's sentence.

Burnside's Sixth Amendment claim also fails. We do not have jurisdiction under § 3582(c)(2) to correct an extraneous resentencing issue. See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000).

**AFFIRMED.**