[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2009
THOMAS K. KAHN
CLERK

No. 08-13352
Non-Argument Calendar

_____

D. C. Docket No. 05-80077-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK DEAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2009)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Frederick Dean appeals the district court's order granting his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the Sentencing Guidelines but implicitly denying his request for a downward variance. On appeal, Dean argues the district court abused its discretion in denying his request for a downward variance. Specifically, Dean notes the Supreme Court has held courts can take the disparity in sentences between crack cocaine and powder cocaine offenses into consideration when determining a defendant's sentence. *See Kimbrough v. United States*, 128 S. Ct. 558 (2007). Because the district court did not take that factor into consideration, Dean asks this Court to instruct the district court to hold an evidentiary hearing on whether he is entitled to a downward variance.

We review a district court's decision to deny a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2), in whole or in part, for abuse of discretion. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). This Court reviews *de novo* the district court's conclusions about the scope of its legal authority. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

Section 3582(c)(2) of Title 18 gives federal courts the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by

the Sentencing Commission." Any such reduction, however, must be consistent with the applicable Guidelines' policy statements. *See* 18 U.S.C. § 3582(c)(2). The applicable policy statement here is U.S.S.G. § 1B1.10, which pertains to Guidelines amendments that may be applied retroactively, including Amendment 706. Section 1B1.10 provides, in cases in which the defendant received a within-Guidelines sentence at his original sentencing, a reduction pursuant to § 3582(c)(2) shall not be less than the minimum of the amended Guidelines range. § 1B1.10(b)(2)(A)-(B) & cmt. n.3.

We recently addressed whether *United States v. Booker*, 125 S. Ct. 738 (2005), and *Kimbrough* prohibit Congress or the Sentencing Commission from limiting the discretion of a district court in reducing a sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Melvin*, ___ F.3d ___, No. 08-13497, 2009 WL 236053, at *1 (11th Cir. Feb. 3, 2009). Concluding *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings, we held a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission. *Id.*

The applicable policy statement here, § 1B1.10, and its commentary preclude a district court from reducing a defendant's sentence below the amended Guidelines range if the defendant's original sentence fell within the then-applicable

Guidelines range. Dean's original sentence was within the Guidelines range.

Accordingly, the district court was not permitted under § 1B1.10 to sentence Dean

to a term below the amended Guidelines range. Based upon our holding in *Melvin*,

Dean's argument that the district court should have sentenced him below the

amended Guidelines range is without merit.

**AFFIRMED.**