[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12881
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00383-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD BRIAN FLOYD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 13, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Richard Brian Floyd, a *pro se* federal prisoner, appeals the partial denial of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2), and the denial of his motion for reconsideration. Finding Floyd eligible for relief under Amendment 706 to the Sentencing Guidelines, the district court reduced Floyd's sentence, but denied Floyd's request to reduce his sentence below the low end of the amended Guidelines range. Floyd first argues the district court erred by concluding it could not sentence him below his amended Guidelines range. Floyd also contends the district court erred by refusing to reconsider its application of a two-point enhancement for possession of a dangerous weapon in connection with a drug trafficking crime, which was applied in his original sentencing.

I.

Floyd argues the district court erred by concluding it lacked authority, under § 3582(c)(2), to reduce Floyd's sentence below the low end of his amended Guidelines range. He contends *United States v. Booker*, 125 S. Ct. 738 (2005) renders the Guidelines advisory, even in the § 3582(c)(2) context. Moreover, he maintains any policy statement directly conflicting with *Booker* is invalid.

We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). We, however, review *de novo* the district court's legal

conclusions as to the scope of its authority under the Sentencing Guidelines. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).  We also review questions of statutory interpretation *de novo*.  *United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008).

"A district court generally cannot modify a term of imprisonment once imposed."  *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).  One statutory exception to this general rule is 18 U.S.C. § 3582(c)(2), which allows a district court to reduce a defendant's sentence when a change in the Guidelines reduces his applicable Guidelines range.  Any such reduction, however, must be consistent with the applicable Guidelines' policy statements.  *See* 18 U.S.C. § 3582(c)(2).  The applicable policy statement here is U.S.S.G. § 1B1.10, which pertains to Guidelines amendments that may be applied retroactively, including Amendment 706.  Section 1B1.10 provides, in cases in which the defendant received a within-Guidelines sentence at his original sentencing, a reduction pursuant to § 3582(c)(2) shall not be less than the minimum of the amended Guidelines range. § 1B1.10(b)(2)(A)-(B) & cmt. n.3.

This Court recently addressed whether *Booker* prohibits Congress or the Sentencing Commission from limiting the discretion of a district court in reducing a sentence under 18 U.S.C. § 3582(c)(2).  *See United States v. Melvin*, ___ F.3d

3

\_\_\_, No. 08-13497, 2009 WL 236053, at \*1 (11th Cir. Feb. 3, 2009). Concluding *Booker* does not apply to § 3582(c)(2) proceedings, we held a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission. *Id.*

The applicable policy statement here, § 1B1.10, and its commentary preclude a district court from reducing a defendant's sentence below the amended Guidelines range if the defendant's original sentence fell within the then-applicable Guidelines range. Floyd's original sentence was within the Guidelines range. Accordingly, the district court was not permitted under § 1B1.10 to sentence Floyd to a term below the amended Guidelines range. Based upon our holding in *Melvin*, Floyd's argument that the district court erred by concluding it lacked authority to reduce his sentence below the amended Guidelines range is without merit.

## II.

Floyd next contends the district court erred by refusing to reconsider its application of a two-point enhancement for possession of a dangerous weapon in connection with a drug trafficking crime. He argues the district court was required to order a new PSI and sentence him consistently with *Booker*. Specifically, Floyd maintains his sentence was unconstitutional under *Booker* because it was based on a fact found by the court under the preponderance of the evidence standard.

4

This Court reviews *de novo* the district court's legal conclusions as to the scope of its authority under the Sentencing Guidelines. *White*, 305 F.3d at 1267. As we discussed earlier, *Booker* does not apply to § 3582(c)(2) proceedings. *See Melvin*, 2009 WL 236053, at *1. Furthermore, the applicable policy statement provides that a district court, in recalculating a defendant's sentence under the amended Guidelines, may not reconsider any Guidelines application decisions aside from those affected by the Guidelines amendment. *See* § 1B1.10(b)(1). For these reasons, the district court here did not err by concluding it did not have the authority to reconsider Floyd's two-point enhancement for possession of a dangerous weapon in connection with a drug trafficking crime.

**AFFIRMED.**