[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-11773

_____

D. C. Docket No. 92-04034-CR-WS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2002
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS DWAYNE WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 19, 2002)**

Before BIRCH and BLACK, Circuit Judges, and PROPST*, District Judge.

PER CURIAM:

_____

* Honorable Robert B. Propst, U.S. District Judge for the Northern District
of Alabama, sitting by designation.

Appellant Thomas Dwayne White, a federal prisoner, appeals the district court's denial of his motion, pursuant to 18 U.S.C. § 3482(c)(2), to apply Amendment 599 of the United States Sentencing Guidelines to reduce his sentence. Appellant was originally sentenced to 200 months' imprisonment for armed assault and attempted robbery of a United States Postal Service worker, in violation of 18 U.S.C. § 2114, and 60 months' imprisonment for use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), to run consecutively.

## I. BACKGROUND

In October 1992, Appellant was convicted of two counts related to his attempted robbery of a postal employee. At sentencing, the district court applied the 1992 version of the Sentencing Guidelines. Pursuant to U.S.S.G. § 2B3.1(a), the district court assigned Appellant a base offense level of 20 for the underlying robbery offense. The court then increased his offense level based on a variety of specific offense characteristics, including a seven-level enhancement because a firearm was discharged, pursuant to U.S.S.G. § 2B3.1(b)(2)(A). The court ultimately reached a final adjusted offense level of 35, which combined with Appellant's criminal history category of III to yield a guideline range of 210 to 262 months' imprisonment for Count One. Ordinarily, application note two of § 2K2.4 would have prevented a sentencing court from imposing a weapon enhancement in cases, like Appellant's,

2

where the defendant was also convicted of a § 924(c) offense. Appellant's case, however, fell within the proviso to application note two. That proviso responded to the relatively rare cases in which the failure to impose a weapon enhancement resulted in a lower aggregate sentence for both the underlying offense and the § 924(c) offense than the sentence that would have been imposed for only the underlying offense with the weapon enhancement. In such instances, the proviso directed the sentencing court to impose the weapon enhancement but subtract 60 months from the guideline range for the underlying offense to reflect the 60-month mandatory sentence for the § 924(c) offense, thereby avoiding double-counting the same offense conduct for sentencing purposes. *See* U.S.S.G. § 2K2.4, comment. (n.2) (Nov. 1992). Because the proviso's subtraction procedure applied to Appellant, his final adjusted guideline sentencing range was 150 to 202 months' imprisonment. The district court sentenced Appellant to 200 months' imprisonment for Count One, to be followed by a consecutive 60-month prison term for Count Two.

Appellant filed a direct criminal appeal in this Court. In March 1994, this Court affirmed his conviction and sentence in an unpublished opinion. *United States v. White*, No. 93-2030 (11th Cir. March 22, 1994) (per curiam).

Amendment 489 to the Sentencing Guidelines, which became effective after Appellant was sentenced, altered application note two of U.S.S.G. § 2K2.4. It

3

abolished the subtraction procedure used in those cases, like Appellant's, where convictions for both an underlying offense and a § 924(c) offense produced a lower aggregate sentence than for the underlying offense alone. In place of the subtraction procedure, Amendment 489 forbids sentencing courts from imposing any weapons enhancement and instead invites courts to impose an upward departure, thereby avoiding any double-counting while still reaching an appropriate sentence. The Sentencing Commission did not render Amendment 489 retroactive. U.S.S.G. § 1B1.10.

On November 1, 2000, Amendment 599 of the Sentencing Guidelines became effective, further altering application note two of U.S.S.G. § 2K2.4. Amendment 599 sought to clarify the cases in which a defendant sentenced for a violation of 18 U.S.C. § 924(c) in conjunction with convictions for other underlying offenses may nonetheless receive weapon enhancements under the guidelines for those underlying offenses. The first sentence of the amended commentary, though slightly altered, repeats the long-standing prohibition against duplicative punishment for the same offense conduct: "If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. § 2K2.4, comment.

4

(n.2).  Amendment 599 has retroactive effect pursuant to U.S.S.G. § 1B1.10, allowing a defendant to rely on that amendment to seek relief under 18 U.S.C. § 3582(c)(2).

Appellant filed a *pro se* § 3582(c)(2) motion on January 17, 2001.  He claimed Amendment 599 directs that no weapon enhancement be applied when determining a sentence for an underlying robbery offense when a defendant is also convicted of a separate firearms charge under § 924(c).  According to Appellant, Amendment 599 should remove his seven-level enhancement for discharge of a firearm and enable him to argue to the sentencing court that no upward departure should be imposed under the current commentary to U.S.S.G. § 2K2.4.  The district court denied Appellant's motion, and this appeal followed.  After this case was set for oral argument, the Court appointed counsel to represent Appellant, and counsel for both parties filed supplemental briefs.

## II. DISCUSSION

In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.  *United States v. Pelaez*, 196 F.3d 1203, 1205 (11th Cir. 1999).  We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion.  *United States v. Vautier*, 144 F.3d 756, 759 n.3 (11th Cir. 1998).

5

Appellant argues the district court erred by denying his § 3582(c)(2) motion. He contends Amendment 599 forbids the seven-level enhancement for the discharge of a firearm when a defendant is charged with both (1) an underlying robbery offense and (2) a § 924(c) offense arising out of the same offense conduct.

The district court did not err in denying Appellant's § 3582(c)(2) motion because Amendment 599 did not materially change the relevant language of § 2K2.4's application note two. Appellant relies upon the first sentence of Amendment 599, but that sentence merely reiterates the rule against double-counting offense conduct for sentencing purposes. *United States v. Diaz*, 248 F.3d 1065, 1106–07 (11th Cir. 2001) (noting that "[t]he first sentence of the new application note reinforces what courts have always known," i.e., double-counting is not permissible). In fact, the first sentence of Amendment 599 does not differ significantly from the corresponding portion of the 1992 version of the Guidelines, which stated, "[w]here a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the possession, use, or discharge of a firearm (*e.g.* § 2B3.1(b)(2)(A)–(F) (Robbery)), is not to be applied in respect to the guideline for the underlying offense." U.S.S.G. § 2K2.4, comment. (n.2) (Nov. 1992). Amendment 599 changed the language of the application note from passive to active voice, but it did not make any substantive change that would affect Appellant's sentence.

6

Appellant argues alternatively that Amendment 599 must be read in conjunction with Amendment 489, and that under the combined amendments, he is entitled to relief. Whatever effect Amendment 489's substitution of an upward departure for the subtraction procedure might have on Appellant's sentence, Amendment 489 has not been made retroactive. U.S.S.G. § 1B1.10(c). Appellant cannot clothe an argument based upon Amendment 489 in the garb of Amendment 599 in order to take advantage of Amendment 599's retroactivity. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10.

AFFIRMED.