[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 1, 2008
THOMAS K. KAHN
CLERK

No. 06-15563
Non-Argument Calendar

_____

D. C. Docket No. 95-06031-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLINTON BURNS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 1, 2008)**

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Clinton Burns, a federal prisoner proceeding pro se, appeals the denial of his motion for a reduction in sentence based on Amendment 484 to the Sentencing Guidelines, filed pursuant to 18 U.S.C § 3582(c)(2). Burns argues that the district court abused its discretion in denying his § 3582 motion because Amendment 484 is retroactive and, accordingly, should be applied to adjust his sentence. Specifically, Burns argues that the district court erred in sentencing him based on a finding that he was responsible for 61.4 grams of cocaine base ("crack cocaine") because there was no evidence to confirm the actual amount of cocaine as separated from the cutting agent used to produce it. Accordingly, Burns asserts that we should remand for resentencing in order to recalculate the drug quantity attributable to his conduct, or to sentence him based on the Guidelines for powder cocaine. Burns also argues that his trial counsel was ineffective. For the reasons set forth more fully below, we affirm.

In 1995, a federal grand jury indicted Burns and codefendants Tracy Topaz Turner and Norman Robinson for one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count 1), and two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2 and 3). The government filed a notice of prior felony drug convictions, indicating that Burns was previously

convicted of several felony drug offenses including possession of marijuana, possession of cocaine, delivery of cocaine, and delivery of cocaine within 1000 feet of a school, all in violation of Florida state law. The government asserted that these convictions made Burns eligible for a sentencing enhancement, pursuant to 21 U.S.C. § 851.

Following a jury trial, Burns was found guilty on all three counts. Based on the § 851 enhancement, the district court sentenced Burns to life imprisonment as to Count 1. As to Counts 2 and 3, the court sentenced Burns to 262 months' imprisonment, to run concurrently with sentence in Count 1. We affirmed Burns's conviction and sentence. Burns subsequently filed the instant motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), which the district court summarily denied.

As an initial matter, to the extent Burns argues that his trial counsel was ineffective, because claims of ineffective-assistance-of-counsel are best presented in a collateral attack via a 28 U.S.C. § 2255 motion, we decline to consider this issue. See Massaro v. United States, 538 U.S. 500, 504-05, 508, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

We review for an abuse of discretion the district court's denial of a § 3582(c)(2) motion to reduce a sentence. United States v. White, 305 F.3d 1264,

3

1267 (11th Cir. 2002) (per curiam) (citation omitted).  Pursuant to § 3582(c)(2), a district court may modify an imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  An amendment is retroactive for purposes of § 3582(c)(2) only if it is listed in U.S.S.G. § 1B1.10(c).  United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003); U.S.S.G. § 1B1.10(a) and comment. (n.1).

Amendment 484 to the sentencing guidelines, which became effective on November 1, 1993, provides, in pertinent part, that, for sentencing purposes, the definition of "mixture or substance" as used in 21 U.S.C. § 841 and U.S.S.G. § 2D1.1 "does not include materials that must be separated from the controlled substance before the controlled substance can be used."  U.S.S.G. App. C, Amend. 484.  The Sentencing Commission went on to explain that the amendment addresses cases where "a controlled substance [is] bonded to, or suspended in, another substance (e.g., cocaine mixed with beeswax); however, the controlled substance is not usable until it is separated from the other substance."  Id.  Because this amendment is listed in U.S.S.G. § 1B1.10(c), it is available retroactively and may provide the basis for a reduced sentence under § 3582(c)(2).  Armstrong, 347

4

F.3d at 907; U.S.S.G. § 1B1.10(a) and (c), comment. (n.1).

In the instant case, although Amendment 484 is retroactive, Burns's argument fails because the amendment does not apply to his case. Because Burns was sentenced in 1995, Amendment 484, which became effective in November 1993, is not a "subsequent" amendment within the meaning of § 3582(c)(2). Thus, the district court did not have jurisdiction to consider Burns's motion. See United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (stating that a motion could be addressed under § 3582(c) only if the appellant was arguing that his sentence should be modified "based on a subsequent sentencing guideline amendment"). Accordingly, the district court did not abuse its discretion in denying Burns's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

In light of the foregoing, the district court's denial of Burns's 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence is

**AFFIRMED.**