[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13040
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 18, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00302-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN FERRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 18, 2008)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Ryan Ferro, a federal prisoner convicted of a crack cocaine offense, appeals

the district court's ruling on his pro se motion for a reduced sentence under 18

U.S.C. § 3582(c)(2).  After review, we affirm.

Ferro filed his § 3582(c)(2) motion based on Amendment 706 to the

Sentencing Guidelines, which lowered the base offense levels applicable to crack

cocaine offenses.  See U.S.S.G. App. C, amends. 706, 713.  The district court

granted Ferro's motion in part and reduced Ferro's 151-month sentence[1] to 121

months' imprisonment, the low end of Ferro's new guidelines range of 121 to 151

months.

The district court denied Ferro's request to impose a sentence below the new

guidelines range, concluding that, pursuant to U.S.S.G. § 1B1.10(b)(2)(A), district

courts are not authorized under § 3582(c)(2) to reduce a defendant's sentence

below the low end of the amended guidelines range.[2]  Citing United States v.

Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), Ferro argues that the district court

erred when it concluded that it lacked authority to reduce Ferro's sentence below

---

[1]At his original sentencing, Ferro's guidelines range, after a U.S.S.G. § 5K1.1 substantial assistance reduction, was 168 to 210 months' imprisonment, and the district court imposed a 168-month sentence.  Ferro later received a Rule 35(b) substantial assistance reduction, giving him a guidelines range of 151 to 188 months' imprisonment, and the district court imposed a 151-month sentence.

[2]Section 3582(c)(2) requires a sentence reduction to be consistent with the Sentencing Guidelines' policy statements, which includes U.S.S.G. § 1B1.10.  See 18 U.S.C. § 3582(c)(2). Section 1B1.10(b)(2) and its commentary preclude a district court from reducing a defendant's sentence below the amended guidelines range if the defendant's original sentence fell within the then-applicable guidelines range.  See U.S.S.G. § 1B1.10(b)(2)(A)-(B) & cmt. n.3.

the low end of his amended guidelines range.[3]

We need not resolve whether <u>Booker</u> applies to § 3582(c)(2) resentencings, however, because any alleged error was harmless. The district court expressly found that "even if <u>Booker</u> were applied, the Court would in all likelihood impose the same sentence" and that Ferro's 121-month sentence was "sufficient but not greater than necessary to comply with all of the factors considered under 18 U.S.C. § 3553(a)." (Quotation marks omitted). In light of these findings, we fairly can conclude that the district court would have imposed the same 121-month sentence even if it had believed it had the authority to impose a sentence below the amended guidelines range. As a result, any error the district court may have made had only a very slight, if any, effect on Ferro's sentence and was harmless. <u>See</u> <u>United States v. Mathenia</u>, 409 F.3d 1289, 1292 (11th Cir. 2005) (explaining that a statutory <u>Booker</u> error is harmless when it did not affect, or had only a very slight effect on, the sentence when viewing the proceedings as a whole).

**AFFIRMED.**

---

[3]We review <u>de novo</u> the district court's legal conclusions regarding the scope of its authority to reduce a sentence under § 3582(c)(2). <u>United States v. White</u>, 305 F.3d 1264, 1267 (11th Cir. 2002).

3