[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13084
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-00146-CR-ORL-19-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN CARSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 27, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Brian Carson, a federal prisoner, appeals the denial of his *pro se* motion filed pursuant to 18 U.S.C. § 3582(c)(2) to reduce his 292-month sentence for conspiracy to possess with intent to distribute in excess of 50 grams of crack cocaine and possession with intent to distribute approximately 300 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(iii). On appeal, Carson argues that the district court erred in ruling that the guidelines are mandatory in § 3582 proceedings because after *Booker*[1] and *Kimbrough*,[2] all guidelines, including the Commission's policy statements, are advisory. Carson also asserts that district courts are free to reject the Commission's policy statement under U.S.S.G. § 1B1.10 because it is not tied to empirical data and is inconsistent with (1) the § 3553(a)(2) sentencing purposes, and (2) the rationale behind Amendment 706.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

Under § 3582(c)(2), a district court has discretion to reduce the term of

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

[2] *Kimbrough v. United States*, 552 U.S. __, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).

imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). A reduction in the term of imprisonment is not consistent with the Guidelines policy statement, and therefore not authorized by § 3582(c)(2), if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706, which is listed in U.S.S.G. § 1B1.10(c), was made retroactive by Amendment 713. *See* U.S.S.G. App. C, Amend. 713; U.S.S.G. § 1B1.10(c). Amendment 706 reduced offense levels in certain crack cocaine cases by two levels, as reflected in the drug quantity table in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 706.

We have held that a defendant who was accountable for 4.5 kilograms or more of crack cocaine was not eligible for a sentence reduction under § 3582(c)(2) and Amendment 706 because his base offense level remained at 38, and his guideline range was not reduced. *United States v. Jones*, No. 08-13298, slip op. at 443-44 (11th Cir. Nov. 19, 2008).

In *Booker*, the Supreme Court held that the Sentencing Guidelines are

3

advisory. *Booker*, 543 U.S. at 258-260, 125 S. Ct. at 764-65. In *Kimbrough*, the Court held that a district court could consider the crack cocaine/powder cocaine disparity in considering the § 3553(a) factors at sentencing. *Kimbrough*, 552 U.S. at __, 128 S. Ct. at 575.

Because *Booker* is not a retroactively applicable guideline amendment, it is inapplicable to § 3582(c)(2) motions. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). Accordingly, "neither § 3582(c)(2) nor *Booker* provide[] a jurisdictional basis to reduce [a defendant's] sentence based on his post-sentencing rehabilitative conduct." *Id.* at 1221 (reviewing the *Booker* argument for plain error). Moreover, in *Jones* we explicitly rejected an argument, from a defendant who was ineligible for the reduction because of the amount of cocaine, that the district court nevertheless had the authority to reduce his sentence under *Booker*. *Jones*, No. 08-13298, slip op. at 443-44.

Because the record demonstrates that Carson was held responsible at the original sentencing for over 4.5 kilograms of crack cocaine, Amendment 706 did not reduce his guideline range, and he was not eligible for a sentence reduction. Additionally, because *Booker* and *Kimbrough* do not provide an independent basis for reconsideration of a defendant's sentence, we conclude that the district court did not err in rejecting Carson's argument that he was still eligible for a

4

§ 3582(c)(2) sentence reduction.  Consequently, the district court did not err by denying Carson's § 3582(c)(2) motion.  Accordingly, we affirm the district court's order denying the motion to reduce Carson's sentence.

**AFFIRMED.**