[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14518
Non-Argument Calendar

_____

D. C. Docket No. 06-20654-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MILTON WALKER,
a.k.a. Six Footer,
a.k.a. Footer,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 19, 2009)**

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Milton Walker appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence. The district court found that Walker was not entitled to relief because he had originally received a 120 month mandatory minimum sentence. Walker argues for the first time on appeal that his mandatory minimum sentence violates the equal protection component of the Due Process Clause of the Fifth Amendment. He argues that the 100-to-1 sentencing ratio between crack cocaine and powder cocaine offenses is subject to strict scrutiny because of its disproportionate impact on African-American defendants. Alternatively, he argues that, under rational basis review, there is no rational basis for this sentencing disparity.

Section 3582(c)(2) of Title 18 authorizes a district court to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ." Amendment 706 to the Sentencing Guidelines reduced the base offense level for some crack cocaine offenses by two. *See* U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 706 (2007). Amendment 713 made Amendment 706 retroactive effective March 3, 2008. *See* U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 713 (Supp. May 1, 2008).

However, § 3582(c)(2) also requires that any sentence reduction be

2

"consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10(a)(2)(B) of the Sentencing Guidelines states that a sentence reduction is not authorized if the relevant amendment "does not have the effect of lowering the defendant's applicable guideline range." The application note for this section provides that an amendment does not have the effect of lowering the defendant's guideline range if the defendant was originally sentenced to "a statutory minimum term of imprisonment." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1(A) (Supp. May 1, 2008). The Supreme Court has also held that district courts remain "constrained by the mandatory minimums" in 21 U.S.C. § 841. *Kimbrough v. United States*, 128 S. Ct. 558, 574 (2007).

Generally we review the denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). Because Walker is raising his constitutional argument for the first time on appeal, however, we review that claim for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Under the plain error standard, the defendant must show: "(1) error, (2) that is plain and (3) that affects substantial rights." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (quotations omitted). Moreover, we will only correct a plain error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and

3

quotation omitted).

A § 3582(c)(2) proceeding "does not constitute a de novo resentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). We have previously held that constitutional claims are "extraneous resentencing issues" that a court cannot address in the context of a § 3582(c)(2) proceeding. *Id.* at 782. Instead, a defendant should raise any constitutional challenges to a sentence by making a motion to vacate under 28 U.S.C. § 2255. *Id.*

Here, Walker originally received a mandatory minimum sentence of 120 months in prison. Because he was sentenced in accordance with the statutory mandatory minimum penalty, Amendment 706 did not lower his guideline range. Thus, the district court did not err in holding that Walker was not entitled to relief under § 3582(c)(2). The district court also did not commit plain error by failing to consider a due process challenge to the mandatory minimum penalty provisions because the court could not address those claims in a § 3582(c)(2) proceeding.

Upon review of the record and of the parties' briefs, we find no reversible error. Accordingly, we affirm.

**AFFIRMED.**

4