[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12666
Non-Argument Calendar

_____

D. C. Docket No. 94-06003-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD FORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 27, 2009)**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Ronald Ford, a federal prisoner convicted of a crack cocaine

offense, through counsel, appeals the district court's grant of his *pro se* motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). Ford's motion was based on Amendment 706 to the Sentencing Guidelines, which lowered the base offense levels associated with crack cocaine offenses. Ford's motion also included an argument that the district court could impose a sentence below the amended guideline range after *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). The district court granted the motion in part, recalculated the guideline range, and imposed a sentence at the low end of the amended guideline range. On appeal, Ford argues that both *Booker* and *Kimbrough v. United States*, 552 U.S. __, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007), apply to § 3582(c)(2) proceedings, and that the district court should further reduce his sentence after considering his post-conviction efforts, strong family ties, and the crack/powder disparity.

In the 18 U.S.C. § 3582(c)(2) context, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).

Under 18 U.S.C. § 3582(c)(2):

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons,

2

or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3583(c)(2) (emphasis added).

The policy statement applicable to § 3582(c)(2) proceedings is U.S.S.G. § 1B1.10, which instructs courts how to determine the amended guideline range. U.S.S.G. § 1B1.10(b)(1) (2008). The policy statement provides in relevant part that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under [§ 1B1.10(b)(1)]." U.S.S.G. § 1B1.10(b)(2)(A).

In *United States v. Melvin*, ___ F.3d ___, No. 08-13497 (11th Cir. February 3, 2009), we held that § 3582(c)(2) only allows a district court to reduce sentences in a manner "consistent with the applicable policy statements of the Sentencing Commission." *Id.* at ___. We noted that the policy statement applicable to 3582(c)(2) proceedings prohibited the district court from reducing a term of imprisonment below the end of the amended guideline range. *Id.* at ___; *see also* U.S.S.G. § 1B1.10(b)(2)(A). We further held that the district court could not rely on *Booker* or *Kimbrough* to reduce the defendant's sentence below the low end of the amended guideline range. *Melvin*, ___, F.3d at ___.

3

In the § 3582(c)(2) proceeding, the district court was not permitted to reduce Ford's sentence below his amended guideline range. Accordingly, we conclude that the district court did not err, and we affirm Ford's sentence.

**AFFIRMED.**