[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 2, 2009
THOMAS K. KAHN
CLERK

No. 08-11847
Non-Argument Calendar

_____

D. C. Docket No. 01-00086-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARRICK LASHAWN LEVY,
a.k.a. Walsy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 2, 2009)

Before DUBINA, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Warrick Lashawn Levy, a federal prisoner proceeding *pro se*, appeals the district court's partial denial of his motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). Finding Levy eligible for relief under Amendment 706 to the Sentencing Guidelines, the district court reduced his sentence to the lowest amended guideline range, but denied his request to reduce his sentence further under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), finding that it lacked the authority to do so.

Levy argues that the district court, after granting him the full two-level reduction, should have varied below the guideline range because the guidelines are advisory. He asserts that even after the reduction, there still exists a racial disparity between crack and powder cocaine sentences, and he contends that the district court should have taken that disparity into account when resentencing him. He argues that *Kimbrough v. United States*, 522 U.S. ____, 128 S. Ct. 558, 169 L. Ed. 2d 481(2007), and *Booker* allow the district court to go below the guideline range when resentencing because the guidelines and the Sentencing Commission's policy statements purporting to limit the amount of the Amendment 706 reduction are advisory. Levy asserts that the district court must impose a sentence based upon its evaluation of the 18 U.S.C. § 3553(a) factors, and the policy statements and commentary in the guidelines do not restrict that requirement.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). Under § 3582, a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706. The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective as of March 3, 2008. *See* U.S.S.G., App. C, Amend. 713. Section 1B1.10 of the Sentencing Guidelines generally prohibits a court from resentencing a defendant

3

below the amended guideline range when reducing the sentence under § 3582(c)(2). U.S.S.G. § 1B1.10.(b)(2) (made effective on March 3, 2008, by Amendment 712). In *United States v. Melvin*, we held that *Booker* and *Kimbrough* do not apply to § 3582(c)(2) proceedings to allow a court to sentence below the amended guideline range. ___ F.3d ___ , No. 08-13497 (11th Cir. Feb. 3, 2009).

After reviewing the records and reading the parties' briefs, we conclude that the district court did not err in finding it lacked authority to sentence Levy below the amended guideline range because neither *Booker* nor *Kimbrough* applied, and it was otherwise bound by the restrictions imposed by the Sentencing Commission. Accordingly, we affirm Levy's sentence.

**AFFIRMED.**