[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

No. 08-14930
Non-Argument Calendar

_____

D. C. Docket No. 97-00158-CR-LSC-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL RAY BURRESS,
a.k.a. Carl Burris,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 15, 2009)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Carl Ray Burress, a federal prisoner proceeding *pro se*, appeals

the district court's denial of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. On appeal, Burress, *pro se*, argues that the district court erred in denying his motion for a sentence reduction because it erroneously found that over 4.5 kilograms of crack cocaine were attributed to him at sentencing, when, in fact, he only was held responsible for 1.5 kilograms. The government concedes this error and asserts that the case should be remanded.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), [this Court] review[s] *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). A district court may modify a term of imprisonment "in the case of a defendant who [was] sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The parties agree, and the record demonstrates, that the district court erred in finding Burress ineligible for a sentence reduction because it erroneously determined that he was held responsible for over 4.5 kilograms of crack cocaine, although the original sentencing transcript demonstrates that he was held responsible only for at least 1.5 kilograms of crack cocaine. Based on that amount

of crack cocaine, Amendment 706 lowered his offense level from 38 to 36 and, correspondingly, lowered his guideline range, rendering him eligible for § 3582(c)(2) relief. Thus, we vacate the district court's denial order and remand this case for the district court to exercise its discretion in determining whether to grant Burress a sentence reduction.

**VACATED AND REMANDED.**