[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13526
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00024-CR-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEE NEALY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 17, 2009)

Before BIRCH, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Lee Nealy appeals from the sentence imposed upon him when the

district court granted his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. The motion was based on Amendment 706 to the Sentencing Guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses. The district court sentenced him to the low end of his amended guidelines range, but Nealy argues that the district court should have granted a variance below the amended range in light of the remaining disparity between sentences for crack and powder cocaine offenses, as identified in Kimbrough v. United States, 552 U.S. __, 128 S.Ct. 558 (2007).

In a proceeding to modify a sentence under § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

Amendment 706, which reduced the § 2D1.1(c) offense levels in crack cocaine cases by two levels, was made retroactive by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713. "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" pursuant to a retroactive amendment, the district court "may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent

2

that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

The Sentencing Commission's policy statements provide that, unless the defendant was originally sentenced to a term that was less than the applicable guideline range at the time of sentencing, a reduction pursuant to § 3582(c)(2) shall not be less than the minimum of the amended guidelines range. U.S.S.G. § 1B1.10(b)(2)(A)-(B) & comment. (n.3).

This Court has recently rejected Nealy's argument that the district court has the authority to sentence below the amended guideline range. United States v. Melvin, __ F.3d __ , 2009 WL 236053 at *3 (11th Cir. Feb. 3, 2009) (holding "that Booker and Kimbrough do not apply to § 3582(c)(2) proceedings" and that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission."). Therefore, the decision of the district court is **AFFIRMED**.