[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12734
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00228-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WESLEY POWELL,
a.k.a. Al,
a.k.a. Mailman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

John Wesley Powell appeals the district court's order reducing his sentence. Pursuant to 18 U.S.C. § 3582(c)(2), the court reduced his sentence to the minimum of his amended guidelines range but denied his request for a reduction below this range. For the reasons that follow, we AFFIRM the district court's order.

## I. BACKGROUND

In 1999, Powell was convicted of conspiracy to distribute cocaine and cocaine base and sentenced to 235 months of imprisonment by the United States District Court for the Middle District of Florida. R1-1291 at 1. In February 2008, the district court sua sponte determined that Amendment 706 to the United States Sentencing Guidelines, which lowered the base offense level for a cocaine base offense by two, might be applicable to Powell's sentence.[1] R1-1245 at 1. The court subsequently determined that Amendments 706 and 711 reduced Powell's base offense level and thus reduced his sentence to 188 months, the minimum of his amended guidelines range. R1-1291 at 4, R1-1301 at 1. However, the court determined that it had no authority under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005) to grant Powell's request for a further reduction. R1-1303. Powell appealed this order.

---

[1] The court appointed a federal public defender to represent him in seeking a reduction of his original sentence. Id. Around the same time, Powell filed a pro se motion to reduce his sentence based on § 3582(c)(2) and Amendment 706, which the district court dismissed as moot. R1-1267, 1269.

## II. DISCUSSION

On appeal, Powell argues that the district court erred in denying his motion for a below-guidelines sentence reduction. He contends that Booker, along with Kimbrough v. United States, 552 U.S. __, 128 S. Ct. 558 (2007), and Gall v. United States, 552 U.S. __, 128 S. Ct. 586 (2007), establishes that the guidelines are advisory in all contexts, including § 3582(c) proceedings, and that the district court therefore had the discretion to sentence him below the amended guidelines range. We review de novo a district court's legal conclusions about the scope of its authority to modify a sentence under § 3582(c). See United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam).

Section 3582(c)(2) permits a district court to reduce a defendant's sentence if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)" and such a reduction is consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1) (Supp. May 1, 2008). The Commission's policy statements instruct a district court not to reduce a sentence under § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Section 3582(c)(2) would thus not

permit the district court to reduce Powell's sentence below his amended guidelines range.  Furthermore, we have rejected Powell's argument that <u>Booker</u> <u>et</u> <u>al</u>. trump these provisions and give a district court the authority to reduce a sentence below the amended guidelines range.  See <u>United States v. Melvin</u>, No. 08-13497, __ F.3d __, 2009 WL 236053, at *1, 3 (11th Cir. Feb. 3, 2009) (per curiam) (holding that <u>Booker</u> and <u>Kimbrough</u> "do not apply to § 3582(c)(2) proceedings" and "do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission").  The district court thus had no authority to reduce Powell's sentence below the amended guidelines range and therefore did not err in refusing to grant such a reduction.

### III. CONCLUSION

Powell appeals the district court's order reducing his sentence to the minimum of his amended guidelines range but denying his request for a reduction below this range.  The district court had no authority under 18 U.S.C. § 3582(c)(2) to grant such a further reduction, and Booker and its progeny did not give the court such discretion.  Accordingly, we AFFIRM the district court's order.

**AFFIRMED**.