[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12223
Non-Argument Calendar

_____

D. C. Docket No. 96-00076-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY LAMAR GASKINS,
a.k.a. Big Mook,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 9, 2009)

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Gary Lamar Gaskins, proceeding pro se, appeals the district court's denial of

his motion for a reduced sentence, which was filed pursuant to 18 U.S.C. § 3582(c)(2), and based on Amendment 706 to the Sentencing Guidelines, reducing the base offense levels applicable to crack cocaine offenses. Gaskins currently is serving a 48-month sentence for violating the terms of his supervised release, in relation to an underlying crack cocaine offense.

On appeal, he argues that the district court erred in denying his § 3582(c)(2) motion because it had the authority to reduce his sentence, despite his status, at his original sentencing, as a career offender. Gaskins also asserts that, under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and 18 U.S.C. § 3553(a), the court had the authority to sentence him below his guideline range. Further, he contends, the court should have reduced his sentence based on the crack cocaine racial disparity, under Kimbrough v. United States, 552 U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

In a § 3582(c)(2) proceeding, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002)

Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission . . . ." 18 U.S.C. § 3582(c)(2). Any such reduction must also be consistent with the Commission's applicable policy statements, which provide that a sentencing reduction is not permitted if none of the retroactive amendments apply to the defendant or a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(A)-(B).

The commentary to § 1B1.10 states, "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, comment. (N.4(A)); see also United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664) (holding that "a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission").

Furthermore, Chapter 7 of the Sentencing Guidelines sets out the guideline ranges applicable to defendants whose terms of supervised released have been revoked. See U.S.S.G. § 7B1.4(a). Thus, in the revocation of supervised release context, a defendant is not sentenced under the crack cocaine guidelines in U.S.S.G. § 2D1.1, and Amendment 706 has no effect on the guideline ranges set out in U.S.S.G. § 7B1.4(a). See U.S.S.G. App. C, Amend. 706 (amending the

3

Drug Quantity Table in § 2D1.1(c)).

Here, the district court correctly determined that Gaskins was not eligible for a sentence reduction based on Amendment 706, as his sentence was imposed upon revocation of supervised release and based on a guideline range set out in § 7B1.4, not § 2D1.1. In addition, Gaskins's original sentencing range was based on his status as a career offender and not on his crack cocaine offense. See United States v. Williams, 549 F.3d 1337, 1339 (11th Cir. 2008) ("a defendant whose original sentencing range was based on something other than § 2D1.1 is precluded from receiving a sentence reduction, since the amendment would not lower his applicable guidelines range."). Thus, Gaskins's crack cocaine base offense level played no role in his sentence, and Amendment 706 did not affect his guideline range.

**AFFIRMED.**