[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2012
JOHN LEY
CLERK

_____

No. 11-15739
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00003-WPD-14

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JULIUS STEVENS,
a.k.a. Judog,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 14, 2012)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Julius Stevens appeals *pro se* the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 750 to the Sentencing Guidelines. After review, we affirm the district court.

We review *de novo* the district court's legal conclusion, made pursuant to a § 3582(c)(2) proceeding, about the scope of its authority under the Guidelines. *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam).

Where a retroactively applicable Guideline amendment reduces a defendant's base level offense but does not alter the sentence range upon which his sentence was based, the district court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008). Stevens was convicted on drug charges, and his base offense level was calculated to be 32, pursuant to U.S.S.G. § 2D1.1. However, because he qualified as a career offender under U.S.S.G. § 4B1.1, Stevens was assigned an offense level of 37 and criminal history category of VI. That resulted in a Guidelines range of 262 to 327 months of imprisonment, and the district court imposed a low-end sentence of 262 months.

Amendment 750 to the Guidelines affects the calculation of sentences under U.S.S.G. § 2D1.1. Because of his status as a career offender, Stevens's sentence was imposed pursuant to U.S.S.G. § 4B1.1. The changes enacted in Amendment

2

750 thus have no effect on Stevens's applicable sentencing range. *See Moore*, 541 F.3d at 1330 (holding that a defendant originally sentenced as a career offender could not receive the benefit of a Guidelines Amendment because it would not have the effect of lowering the applicable Guidelines range).

Stevens's additional arguments concerning the Fair Sentencing Act similarly do not require reversal. Section 3582(c)(2) permits a defendant to seek reduction of his imposed sentence when the Guidelines range has been lowered by the Sentencing Commission. This Section does not authorize a court to alter a sentence based on a legislative change to an already-imposed statutory mandatory minimum sentence. Therefore, Stevens cannot succeed in reducing his sentence under either of his theories.

**AFFIRMED.**