[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10475
Non-Argument Calendar
_____

D.C. Docket No. 3:99-cr-00006-LC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE PARKER,
a.k.a. Wayne Ryals,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 8, 2013)

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Wayne Parker, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the Sentencing Guidelines. Parker is currently serving a 360-month sentence for conspiracy to possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a), (b)(1)(A)(ii), and (b)(1)(A)(iii). After a thorough review of the record on appeal, we affirm the district court's denial of Parker's § 3582(c)(2) motion.

## I.

We briefly note the procedural history of this case. In December 2000, we affirmed Parker's conspiracy conviction, but remanded for resentencing, asking the district court to determine what effect, if any, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), had on Parker's case. In March 2001, Parker was resentenced. The court ruled that Parker's base offense level was 12, which, when added to his 2-level firearm enhancement yielded a total offense level of 14. Parker had a criminal history category of I, and a corresponding guideline range of 15 to 21 months. However, the court decided to depart upward to a base offense level of 38 because the actual drug weight the court found Parker accountable for distributing was at least 266 kilograms. The upward departure, coupled with Parker's firearm enhancement and criminal history, yielded a guideline range of 292 to 365 months. Absent a jury finding as to drug quantity, the court believed

2

that the enhanced 30-year statutory maximum sentence under § 841(b)(1)(C)[1] reduced that range to 292 to 360 months.  The district court sentenced Parker to a 360-month term of imprisonment.  We affirmed that sentence in 2002.

In 2012, Parker filed a pro se § 3582(c)(2) motion requesting relief pursuant to Amendment 750 to the Sentencing Guidelines.  In his motion Parker asserted that the probation officer and defense counsel at his resentencing hearing both referenced a quantity of 1.5 kilograms of crack cocaine.  In addition, the district court at resentencing did not say how much crack cocaine Parker was responsible for in excess of 1.5 kilograms.  Consequently, Parker's base offense level should be decreased from 38 to 34.  Without requiring a government response, the district court denied the motion, concluding that Amendment 750 did not lower Parker's applicable guideline range.

On appeal, Parker again argues that at resentencing, the district court failed to state how many kilograms it attributed to him, and asserts that any finding greater than 1.5 kilograms of crack cocaine was an impermissible new factual finding.

## II.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its

---

[1] The government had filed a 21 U.S.C. § 851 notice of enhanced statutory penalties because Parker had a prior felony conviction.

authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam).  We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2). *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (per curiam).

Pursuant to § 3582(c)(2), a district court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  The Guidelines explain that the amendment relied upon for § 3582(c)(2) relief must lower the "applicable guideline range."  U.S.S.G. § 1B1.10, cmnt. n.1(A).  The guideline range we rely on is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to [§] 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."  *Id.*

In order for Parker to obtain § 3852(c)(2) relief, Amendment 750 would have had to reduce his original applicable guideline range prior to the court's upward variance.  *See* U.S.S.G. § 1B1.10.  It did not.  At his 2001 resentencing hearing, the district court found that prior to any upward variance, Parker's total offense level was 14, yielding a guideline range of 15 to 21 months.  After Amendment 750, Parker's total offense level remains at 14, with a corresponding guideline range of 15 to 21 months.  *See* U.S.S.G. § 2D1.1(c)(14).  The district court below found the same.  It is clear that Amendment 750 did not reduce

4

Parker's original applicable guideline range, and the district court did not err in holding so.

Finally, Parker argues that the district court held him accountable for only 1.5 kilograms of crack cocaine.  This argument is meritless and requires no further discussion.[2]

**AFFIRMED.**

---

[2] The government's motion for summary affirmance and to stay the briefing schedule is DENIED AS MOOT.