[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13139
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00345-CEH-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIMEON A. HUNTLEY, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 11, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Simeon Huntley, III, appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for a reduction in his sentence based on the Fair Sentencing

Act of 2010 ("FSA") and Amendment 750 to the Sentencing Guidelines.  In 2006, Huntley pled guilty to 1 count of possessing more than 50 grams of crack cocaine and an unspecified quantity of powder cocaine with intent to distribute.  He was sentenced to 120 months' imprisonment, the statutory minimum sentence in place at the time of his sentencing.  In 2011, he filed the present § 3582(c)(2) motion, arguing that the FSA and its statutory amendments should apply retroactively to reduce his sentence.  The district court denied his § 3582(c)(2) motion, stating that he was ineligible for relief because the FSA did not apply retroactively to change his statutory minimum sentence, so his sentence could not be reduced below 120 months.

On appeal, Huntley argues that his mandatory-minimum sentence does not prevent the reduction of his sentence under § 3582(c)(2) pursuant to Amendment 750, because his "sentencing range" was reduced by the amendment, even if his guideline sentence of 120 months was not.  He further states that his case is distinguishable from *United States v. Hippolyte*, 712 F.3d 535 (11th Cir. 2013), which held that the FSA was not retroactive, because the defendant in that case was sentenced under U.S.S.G. § 5G1.1(b), while he was sentenced under § 5G1.1(c).

We review for an abuse of discretion the district court's decision whether to reduce a sentence pursuant to § 3582(c)(2).  *United States v. White*, 305 F.3d 1264,

2

1267 (11th Cir. 2002). We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). *Id.* We are bound by the opinion of a prior panel unless the Supreme Court or this Court sitting *en banc* overrules that opinion. *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.), *cert. denied*, 133 S.Ct. 568 (2012).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The applicable policy statements, found in U.S.S.G. § 1B1.10, state that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). More specifically, the commentary provides that a § 3582(c)(2) sentence reduction is not authorized and not consistent with § 1B1.10(a)(2)(B) where "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." *Id.* § 1B1.10, comment. (n.1(A)).

3

The FSA, enacted on August 3, 2010, raised the quantity of crack cocaine necessary to trigger the 10-year mandatory-minimum sentence from 50 grams to 280 grams. *See* Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372 (2010), *codified at* 21 U.S.C. § 841(b)(1)(A)(iii). The FSA directed the Sentencing Commission to promulgate emergency amendments to bring the Guidelines into conformity with its provisions "as soon as practicable." Pub. L. 111-220, § 8, 124 Stat. at 2374. Amendment 750 to the Sentencing Guidelines amended the drug quantity table in U.S.S.G. § 2D1.1(c) to reduce offense levels in crack cocaine cases by two levels. *See* U.S.S.G. App. C, Amend. 750 (2011). Amendment 750 was made retroactive by Amendment 759, effective November 1, 2011. *See id.*, Amend. 759 (2011); *see also* U.S.S.G. § 1B1.10(c). On June 21, 2012, the Supreme Court held in *Dorsey* that the FSA's reduced statutory mandatory minimums apply to defendants who committed crack cocaine offenses before the FSA's August 3, 2010, effective date, but were sentenced after that date. *Dorsey v. United States*, 567 U.S. ___, ___, 132 S.Ct. 2321, 2335-36, 183 L.Ed.2d 250 (2012).

In *Berry*, we rejected Berry's argument that he was eligible for § 3582(c)(2) relief under the FSA, determining that the FSA was not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). Thus, it did not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case. *Id.* Even assuming

4

that Berry could bring his FSA claim in a § 3582(c)(2) motion, we continued, his claim still failed because he was convicted and sentenced in 2002 and the FSA did not apply retroactively to his 2002 sentences.  *Id.*  We agreed with "every other circuit to address the issue" that there was no evidence that Congress intended the FSA to apply to defendants who had been sentenced before the August 3, 2010, date of the FSA's enactment.  *Id.*  Finally, we distinguished the Supreme Court's decision in *Dorsey*, noting that *Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants, like Berry, who were originally sentenced before the FSA's effective date.  *Id.* at 377-78.

Most recently, in *United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir.), *cert. denied*, 134 S.Ct. 181 (2013), we reaffirmed our conclusion in *Berry* that the Supreme Court's decision in *Dorsey* did not suggest that the FSA should apply to defendants who were sentenced before the FSA's effective date.  We explained that, because the FSA did not apply retroactively to Hippolyte's case, the statutory minimums that applied in determining whether he was eligible for § 3582(c)(2) relief were the minimums that were in place at the time when he was sentenced in 1996.  *Id.*  Finally, we concluded that "§ 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence."  *Id*.

5

In this case, the district court properly denied Huntley's § 3582(c)(2) motion.  The FSA's statutory changes do not apply retroactively to reduce Huntley's mandatory-minimum sentence.  The 10-year mandatory-minimum sentence that was in place at the time of Huntley's sentencing remains effective, and, therefore, his sentence cannot be reduced below 120 months.  Consequently, he is ineligible for relief under § 3582(c)(2) based on Amendment 750.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**