[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13480
Non-Argument Calendar

_____

D. C. Docket No. 03-00243-CR-T-23TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MONKILE M CLEMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 8, 2009)**

Before BIRCH, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Monkile M. Clemmons appeals the district court's order granting his 18

U.S.C. § 3582 motion for a sentence reduction based on Amendment 706 to the Sentencing Guidelines, but denying his request for a downward variance. On appeal, Clemmons argues that the district court erred in finding that a 110-month sentence, at the low end of the amended guideline range, was reasonable in his case. He argues that he should have received a downward variance.

We review a district court's decision whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). Section 3582(c)(2) gives federal courts the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." We have held that a district court must follow a two-step process in ruling on a § 3582(c)(2) motion. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must recalculate the defendant's sentencing range based on the relevant amendment to the Sentencing Guidelines. Id. None of the other guideline determinations made during the original sentencing are changed. Id. Second, the court must decide whether to retain the original sentence or to resentence the defendant based on the amended guideline range. Id. at 781. In making this decision, the district court must consider the 18 U.S.C. § 3553(a) factors. Id. These factors include, among other

things: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public from crimes committed by the defendant, and (4) the advisory guideline range.

The Sentencing Guidelines contain a policy statement that instructs the district court not to reduce a sentence below the new guideline range: "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range determined under [§ 1B1.10(b)(1)]." U.S.S.G. § 1B1.10(b)(2)(A).

We have previously held that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 201 (2005), by itself, does not give a court the authority to reduce a sentence under § 3582(c)(2). United States v. Moreno, 421 F.3d 1217, 1220-1221 (11th Cir. 2005). Similarly, we have held that Booker did not apply in a case where Amendment 706 did not lower the defendant's guideline range. United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008). Finally, this court has recently held that Booker and Kimbrough do not preclude Congress and the Sentencing Commission from limiting a district court's discretion in a § 3582 (c)(2) resentencing via § 1B1.10(b)(2)(A). United States v. Melvin, __ F.3d __ , 2009 WL 236053 at *3 (11th Cir. Feb. 3, 2009). Therefore, the district court did

3

not err when it refused to grant Clemmons' request for a sentence lower than the advisory guidelines range.

**AFFIRMED.**[1]

---

[1]     Clemmons' request for oral argument is denied.