[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16400
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00005-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN ANGELO MCDUFFIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Angelo McDuffie, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). His motion was based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. On appeal, McDuffie argues the district court erred by denying his motion based on its finding that he was sentenced as a career offender, and it should have considered the factors set forth in 18 U.S.C. § 3553(a) in evaluating his motion.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Sentencing Commission has noted, however, that a defendant is ineligible for a sentence reduction where an "amendment does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).

2

McDuffie's arguments on appeal are foreclosed by precedent. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that a defendant sentenced as a career offender, whose Guidelines range is not affected by Amendment 706, is not eligible for sentence reductions), *cert. denied*, *McFadden v. United States*, 129 S. Ct. 965 (2009), *and cert. denied*, __ S. Ct. __, No. 08-8554, 2009 WL 301854 (U.S. Mar. 9, 2009); *United States v. Moreno*, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (holding that *Booker* does not provide an independent jurisdictional basis for an ineligible defendant to receive a reduction). Accordingly, we affirm.

**AFFIRMED.**