[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15309
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-00201-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES BOLDEN,
a.k.a. Bibby,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant James Bolden, through counsel, appeals the district court's denial

of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the Sentencing Guidelines. On appeal, Bolden argues that the district court erred in denying his § 3582(c)(2) motion because: (1) that denial constituted a reimposition of his sentence, which created error under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); and (2) it should have exercised its discretion under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and reduced his sentence based on the 18 U.S.C. § 3553(a) factors.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Sentencing Commission has noted, however, that a defendant is ineligible for a sentence reduction where an "amendment does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)). Notably, a § 3582(c)(2) motion to reduce sentence

2

does not provide the basis for *de novo* resentencing. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

After reviewing the record, we conclude that the district court properly denied Bolden's motion for relief under § 3582(c)(2) because his guideline range of 360 months' to life imprisonment was not affected by Amendment 706. The record indicates that Bolden was held responsible at sentencing for 7.9 kilograms of crack cocaine, rendering him ineligible for a sentence reduction because his base offense level, total offense level, and guideline range remained unchanged by Amendment 706.[1] *See United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that the defendant was ineligible for § 3582(c)(2) relief because he was responsible for over 4.5 kilograms of crack cocaine and, accordingly, his offense level of 38 was unchanged), *cert. denied*, ___S. Ct. ___, (U.S. Mar. 23, 2009) (No. 08-8865). Bolden's additional arguments regarding *Apprendi* and *Booker* are without merit. *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (holding that a district court may not consider extraneous sentencing issues,

---

[1] Even assuming, as the district court found, that Amendment 706 reduced Bolden's offense level two points, from 41 to 39, he was ineligible for a sentence reduction because his criminal history was VI and his guideline range remained unchanged at 360 months' to life imprisonment. *See United States v. Moore*, 541 F.3d 1323, 1327-28, 1330 (11th Cir. 2008) (holding that career offenders whose guideline ranges were unaffected by Amendment 706 were not eligible for sentence reductions even though their base offense levels had changed), *cert. denied, McFadden v. United States*, 129 S. Ct. 965 (2009), *and cert. denied.* ___S. Ct. ___ (U.S. Mar. 9, 2009) (No. 08-8554).

including constitutional claims, during § 3582(c)(2) proceedings); *Moreno*, 421 F.3d at 1220-21 (holding that *Booker* does not provide an independent jurisdictional basis for an ineligible defendant to receive a sentence reduction). Therefore, we affirm the district court's order denying Bolden's motion for a reduced sentence.[2]

**AFFIRMED.**

---

[2]We DENY the government's motion for summary affirmance and its motion to stay briefing schedule.