[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14780
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00208-CR-T-23MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROBINSON,
a.k.a. James Robinson, II,
a.k.a. James Robinson, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 6, 2009)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

James Robinson, a federal prisoner proceeding <u>pro se</u>, appeals the district

court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). After a thorough review of the record, we affirm.

In 2006, Robinson pleaded guilty to possession with intent to distribute crack cocaine. Robinson qualified as a career offender under U.S.S.G. § 4B1.1 and his resulting guidelines range was 262 to 327 months' imprisonment. Upon a motion by the government, the district court departed downward based on Robinson's substantial assistance. Robinson was sentenced to 210 months' imprisonment.

In 2008, Robinson filed a § 3582 motion based on Amendment 706, which lowered the base offense levels applicable to crack cocaine sentences. The court denied the motion because Robinson qualified as a career offender and thus was not eligible for a reduction. On appeal, Robinson argues that the district court erred by failing to consider the § 3553(a) factors. Robinson also contends that it is unclear whether the district court knew it had the authority under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to apply a non-mandatory sentence despite his career offender status and in light of the continued crack/powder cocaine sentencing disparity. Further Robinson argues that our recent precedent holding that a career offender was ineligible for § 3582(c)(2) relief was wrongly decided.

2

In an appeal of the denial of a motion to reduce sentence under 18 U.S.C. § 3582, we review "de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We also review "de novo questions of statutory interpretation." United States v. Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008). We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3852(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion. White, 305 F.3d at 1267.

Amendment 706, which reduced by two levels the offense levels in crack cocaine cases calculated pursuant to § 2D1.1(c), became effective November 1, 2007. See U.S.S.G. App. C, Amend. 706 (2007). The Amendment was made retroactive as of March 3, 2008, by incorporation into § 1B1.10(c). See U.S.S.G. App. C, Amend. 713.

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). In such a case, the court may reduce the defendant's sentence, after considering applicable § 3553(a) factors, "if such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides that:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1). A reduction in the term of imprisonment is not consistent with the Guidelines policy statement, and therefore not authorized by § 3582(c)(2), if the amendment either is not applicable to the defendant or the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

Robinson's argument is foreclosed by this court's ruling in United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554) (holding that, if the defendant was sentenced as a career offender under U.S.S.G. § 4B1.1 and the guideline range was not affected by U.S.S.G. § 2D1.1, then the sentence is not "based on a sentencing range that has subsequently been

4

lowered."). As this court explained, because the base offense levels under § 2D1.1 played no role in the calculation of the career offender range, the district court was not authorized to reduce the sentence even though Amendment 706 was retroactive. Id. at 1327, 1330. This court further held that this result was the same even when a defendant received a downward departure for his substantial assistance under U.S.S.G. § 5K1.1, stating that there was "no basis for concluding that the reduction of [the defendant's] base offense level lowered the sentencing range relied upon by the district court in determining his sentence." Id.

Moreover, Booker and Kimbrough v. United States, --- U .S. ----, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), do not apply to § 3582(c)(2) proceedings and, therefore, do not override the limitations placed on the district court's discretion found in the applicable policy statements for such proceedings. United States v. Melvin, No. 08-13497, manuscript op. at 7, 9 (11th Cir. Feb. 3, 2009), cert. petition filed, No. 08-8664 (Feb. 10, 2009).

Because Robinson qualified as a career offender, Amendment 706 did not lower his guidelines range and he was not entitled to resentencing under 18 U.S.C. § 3582(c)(2). As such, the district court did not have authority to consider the § 3553(a) factors. Additionally, the district court was not permitted to consider the advisory nature of the guidelines under Booker or the powder/crack cocaine

disparity discussed in <u>Kimbrough</u>.  Finally, to the extent that Robinson argues our precedent is wrongly decided, we are bound by those cases until overruled by the Supreme Court or this court sitting <u>en banc</u>.  <u>United States v. Steele</u>, 147 F.3d 1316, 1317-18 (11th Cir. 1998).  Accordingly, we **AFFIRM**.[1]

---

[1]  We also deny the government's motion to dismiss the appeal as moot.