[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16458
Non-Argument Calendar

_____

D. C. Docket No. 03-00389-CV-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ULISSES GUARDIOLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 12, 2009)

Before DUBINA, Chief Judge, TJOFLAT and BIRCH, Circuit Judges.

PER CURIAM:

Ulisses Guardiola, through counsel, appeals the sentence imposed by the

district court following its grant of his pro se motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2). He asserts that it erred by not reducing his sentence to the minimum of his amended guideline range. For the reasons that follow, we AFFIRM.

## I. BACKGROUND

In June 2004, Guardiola pled guilty in the United States District Court for the Middle District of Florida to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii). The base offense level for this offense was 32, which, after a two-level enhancement for possession of a firearm and a three-level reduction for acceptance of responsibility, gave him a total offense level of 31. This offense level, in combination with his criminal history category of I, meant that his guidelines range was 108 to 135 months of imprisonment. The court sentenced him to 122 months of imprisonment, the midpoint of that range.

In May 2008, Guardiola filed a pro se § 3582(c)(2) motion for a sentence reduction based on Amendment 706 to the United States Sentencing Guidelines, which reduced the base offense levels applicable to crack cocaine offenses. He asserted that this amendment lowered his total offense level to 29, which meant that he had an amended guidelines range of 87 to 108 months of imprisonment.

2

The government filed a response agreeing with Guardiola's contention that he was eligible for a sentence reduction and suggesting that 97 months of imprisonment, a figure at the midpoint of his amended guidelines range, would be appropriate. Guardiola subsequently filed two supplements to his § 3582(c)(2) motion, one pro se and one through counsel, noting that the guidelines were now advisory, describing his post-conviction conduct, and encouraging the court to sentence him to 87 months, the low end of his amended guidelines range. In October 2008, the district court ordered that Guardiola's sentence be reduced to 97 months of imprisonment. Guardiola appealed this order.

## II. DISCUSSION

On appeal, Guardiola argues that the district court erred by denying his request for a sentence at the low end of his amended guidelines range. He maintains that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), rendered the guidelines advisory and, as a result, he was eligible for the requested sentence reduction in light of the factors identified in 18 U.S.C. § 3553(a). He asserts that his sentence is unreasonable because the court treated the guidelines as mandatory and failed to address the § 3553(a) factors. In addition, Guardiola maintains that the district court should have addressed the disparity between crack and powder cocaine discussed in Kimbrough v. United States, 552 U.S. __, 128 S.

3

Ct. 558 (2007), in determining his sentence.

A district court may modify a term of imprisonment in the case of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In a § 3582(c)(2) proceeding, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). The ultimate decision regarding whether to grant or deny a sentence reduction is reviewed for abuse of discretion. See id.

In addressing a § 3582(c)(2) motion, a district court must perform a two-step analysis. First, it must recalculate the defendant's sentence by determining the amended guidelines range that would have applied to the defendant if the current guidelines had been in effect at the time he was originally sentenced. See United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Next, the court must decide whether to impose this newly calculated sentence or retain the original sentence, a decision left to the court's discretion. See id. at 781. As part of this second step, the district court must consider the factors listed in § 3553(a), regardless of whether it ultimately chooses to grant or deny § 3582(c)(2) relief. See United States v. Williams, 557 F.3d 1254, 1257 (11th Cir. 2009) (per curiam). The district

4

court need not specifically articulate the applicability of each factor, though the record taken as a whole must demonstrate that it took those factors into account. See United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997).

The parties do not dispute that the district court had the authority to lower Guardiola's sentence to a figure within the amended guidelines range. Furthermore, to the extent that Guardiola seeks to invoke Booker and Kimbrough to justify a sentence reduction, we have deemed both of those decisions inapplicable to § 3582(c)(2) proceedings. See United States v. Melvin, 556 F.3d 1190, 1192–93 (11th Cir. 2009) (per curiam), cert. denied, __ U.S. __, __ S. Ct. __, No. 08-8664, 2009 WL 357585 (May 18, 2009). The only relevant question is therefore whether the district court abused its discretion by failing to take into account the § 3553(a) factors.

In its sentence reduction order, the court did not explicitly state that it considered the § 3553(a) factors; however, it described the pleadings relating to the § 3582(c)(2) motion and noted that it "ha[d] considered such motion." R1-114. Guardiola's pleadings relating to the motion discussed various circumstances specifically tied to § 3553(a) that he urged the court to take into account, including the crack/powder disparity for the § 3553(a) analysis and the need for sentences to be no greater than necessary. The government's response stated that the court

5

could reduce a sentence under § 3582(c)(2) only after looking at the § 3553(a) factors. The court's statement that it had considered the motion implies that it mulled over the arguments contained in those documents before reducing Guardiola's sentence and therefore provides sufficient indication that the court took into account the § 3553(a) factors in addressing his § 3582(c)(2) motion. See Eggersdorf, 126 F.3d at 1322–23 (finding that the record demonstrated that the district court took into account the pertinent § 3553(a) factors when the court briefly stated that it had reviewed the government's brief, which had set out the pertinent factors and enumerated facts relevant to the factors). Since Guardiola's sentence was also within the amended guidelines range, the district court did not abuse its discretion in reducing his sentence.

### III. CONCLUSION

Guardiola appeals the district court's order reducing his sentence to 97 months of imprisonment pursuant to § 3582(c)(2). The court's order indicates that it took into account the factors articulated in § 3553(a), and Guardiola's arguments relating to Booker and Kimbrough are inapplicable in § 3582(c)(2) proceedings. We therefore AFFIRM the court's order.

**AFFIRMED.**