[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10934
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00020-CR-004-HL-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO PERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 7, 2009)

Before BARKETT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Antonio Perry, through counsel, appeals the district court's denial of his

motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Perry's motion was based on Amendment 706 to the Sentencing Guidelines, which reduced the offense levels for crack cocaine offenses by two levels. On appeal, Perry argues that the district court erred in denying his § 3582(c)(2) motion because it did not properly consider the 18 U.S.C. § 3553(a) factors. He argues that the district court erred by focusing exclusively on his "aggravating post-sentence conduct," without considering his "mitigating post-sentence conduct." He contends that the district court should have considered the following: (1) he started a drug treatment program; (2) he completed a self-improvement course; (3) he worked as a cook for one year in prison; (4) he completed a commercial driver's license program with the objective of becoming a truck driver; and (5) he has three children awaiting his release. He maintains that if the court had considered both aggravating and mitigating factors, he would have received a reduction.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam) (citation omitted). "We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion." *Id.* (citation omitted).

A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Next, the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. *Id.* at 781.

If the defendant is eligible for a sentence reduction under the first part of the analysis, the district court "must consider" the § 3553(a) factors, as well as public safety considerations, under the second part of the analysis, regardless of whether it ultimately denies or grants § 3582(c)(2) relief. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (per curiam). The district court "may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction." *Id.*

3

(citation omitted). The district court need not specifically articulate the applicability of each factor, "as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." *United States v. Vautier*, 144 F.3d 756, 762 (11th Cir. 1998) (internal quotation marks and citation omitted). "While the district court must undertake this two-step analysis, its decision whether to reduce the defendant's sentence, and to what extent, remains discretionary." *Williams*, 557 F.3d at 1257.

Upon review of the record and the parties' briefs, we affirm. The district court did not abuse its discretion in denying Perry's motion for a reduced sentence. First, the district court explicitly stated in its order that it had considered the § 3553(a) factors. Specifically, the district court cited the need to protect the public and to provide Perry with educational training as the basis for not reducing his sentence. *See Bravo*, 203 F.3d at 781. The district court noted that Perry had completed neither a GED program nor an inmate financial responsibility program, as further support for its decision not to reduce Perry's sentence. Second, the district court found that a reduction was not warranted because an earlier release date for Perry would pose a danger to public safety. The district court's findings are supported by Perry's nine post-sentencing disciplinary violations, which included being disciplined for physical violence. *See* U.S. SENTENCING

4

GUIDELINES MANUAL § 1B1.10 cmt. n.1(B)(ii) (stating that the court, in determining whether to reduce a defendant's sentence, shall consider any danger posed to the community by a reduction in the sentence). The court did not err by considering Perry's post-sentencing conduct as a reason for denying a sentence reduction. *See id.* at § 1B1.10 cmt. n.1(B)(iii) (stating that the court may consider post-sentencing conduct that occurred after the imposition of the original sentence in determining whether a reduction is warranted).

Contrary to Perry's contentions, the district court's order indicates that it did consider the mitigating factors raised by Perry. He raised these arguments in his amended § 3582(c)(2) motion; the district court stated that it considered this motion. Moreover, the district court did not have to explain how it weighed the aggravating and mitigating factors under § 3553(a). Finally, undisputed information in the record demonstrates that the district court's decision to deny a reduction was reasonable. Accordingly, we affirm.

**AFFIRMED.**