[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2009
THOMAS K. KAHN
CLERK

No. 09-10835
Non-Argument Calendar

_____

D. C. Docket No. 03-00377-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENDRICK T. MORGAN,
a.k.a. Scoop,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 22, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Kendrick T. Morgan, a federal prisoner convicted of a crack cocaine offense, appeals through counsel the sentence the district court imposed after granting his pro se motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, which lowered the base offense levels applicable to offenses involving crack cocaine. The district court found that Amendment 706 reduced Morgan's guideline sentencing range from 168 to 210 months to 135 to 168 months, and imposed a sentence of 135 months' imprisonment. On appeal, Morgan argues that district court erred by failing to consider United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and the 18 U.S.C. § 3553(a) factors to determine whether a further reduction was appropriate. For the reasons set forth below, we affirm.

**I.**

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). We review for an abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). Id.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing

2

range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Next, the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. Id. at 781.

## II.

Morgan's Booker argument is without merit, because Booker does not apply to § 3582(c)(2) proceedings and the district court was, therefore, not authorized to reduce Morgan's sentence below the low end of the amended guideline range. See United States v. Melvin, 556 F.3d 1190, 1192 (11th Cir.) (holding that Booker does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), cert. denied, 129 S.Ct. 2382 (2009); see also, U.S.S.G. § 1B1.10(b)(2)(A) (prohibiting a court from reducing a defendant's sentence below

the amended guideline range in a § 3582(c)(2) proceeding).

The record demonstrates that the district court calculated Morgan's amended Guideline range and, after applying the U.S.S.G. § 4A1.3 departure Morgan received at his initial sentencing, sentenced Morgan at the low end of the guideline range. Bravo, 203 F.3d at 780; see also, U.S.S.G. § 1B1.10(b)(2)(B) (allowing comparable reduction for departures imposed at initial sentencing). While the district court did not state that it had considered the § 3553(a) factors in determining the extent of the reduction, and specifically stated that it would not consider these factors in determining whether a further reduction was warranted, the court was not authorized to further reduce Morgan's sentence. See U.S.S.G. § 1B1.10(b)(2)(A) (prohibiting reduction to a "term that is less than the minimum of the amended guideline range"). Thus, even if the court erred by not considering the § 3553(a) factors in determining the extent of the reduction, such error is harmless, because Morgan would not have received a lower sentence even if the court had considered the § 3553(a) factors. See United States v. Arevalo-Juarez, 464 F.3d 1246, 1252 (11th Cir. 2006) (holding that we will "affirm for harmless error in the sentencing context if . . . the sentencing court would have likely sentenced the defendant in the same way absent the error"); U.S.S.G. § 1B1.10(b)(2)(A). Accordingly, we affirm Morgan's sentence.

4

**AFFIRMED.**