[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10477
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 95-00030-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PIERRE J. CANNON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 21, 2009)

Before EDMONDSON, WILSON and FAY, Circuit Judges.

PER CURIAM:

Pierre Cannon, a <u>pro</u> <u>se</u> federal prisoner, appeals the district court's ruling on his 18 U.S.C. § 3582(c)(2) motion to reduce sentence. Reversible error has been shown; we vacate and remand for additional consideration and explanation by the district court.[1]

Cannon's original guidelines range was 210 to 240 months' imprisonment on his robbery offenses and 235 to 293 months on his carjacking offense. The district court sentenced him to 240 months on the robbery counts and to 293 months on the carjacking count, to run concurrently.[2] In his section 3582(c)(2) motion, Cannon sought a sentence reduction pursuant to Amendment 599 to the guidelines, which retroactively prohibited the weapons enhancements he received on the robbery and carjacking counts. The government acknowledged that Amendment 599 lowered the guidelines ranges on the these counts to 121 to 151 months.

The district court referred Cannon's motion to a magistrate judge; but before

---

[1]We review <u>de novo</u> the district court's legal conclusions about the scope of its authority under the Sentencing Guidelines in a section 3582(c)(2) proceeding. <u>United States v. White</u>, 305 F.3d 1264, 1267 (11th Cir. 2002). If a sentence reduction is authorized, we review the district court's decision to grant or deny a reduction for an abuse of discretion. <u>Id.</u>

[2]Cannon was subject to mandatory minimums on certain firearm counts to run consecutive to his robbery and carjacking sentences. His total sentence was 1,313 months. The instant motion concerns only the robbery and carjacking sentencing ranges.

the magistrate issued a report and recommendation, the court issued a "Notice of Need to Amend Criminal Judgment." The notice directed the clerk to prepare an amended judgment pursuant to Cannon's section 3582(c)(2) motion and listed the reduced sentences as 151 months on the robbery and carjacking counts. The notice contained no other statements about the reduced sentence.

Under section 3582(c)(2), a district court has discretion to reduce a term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). In considering a section 3582(c)(2) motion, the district court engages in a two-step process. First, the court must "recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). About the first step, no dispute exists that Amendment 599 applied to Cannon and that his amended guidelines range was 121 to 151 months.

In the second step, the district court must decide, in the light of the 18 U.S.C. § 3553(a) factors and in its discretion, whether it will impose a new

3

sentence within the amended guidelines range or retain the original sentence. Bravo, 203 F.3d at 781. On appeal, Cannon argues that the district court erred in the second step because it issued no written order explaining the sentence or stating that it had considered the section 3553(a) factors.

The district court must consider the section 3553(a) factors whether it denies or grants relief; but the court "is not required to articulate the applicability of each factor, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009) (internal quotation omitted); see United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). But if it is not possible to determine from the record whether the district court considered the section 3553(a) factors, we must vacate and remand the case to the district court. Williams, 557 F.3d at 1257.

Here, the court simply notified the clerk to amend Cannon's judgment with lowered sentences on the robbery and carjacking counts. The notice made no mention of the section 3553(a) factors. The court issued no formal written order granting Cannon's section 3582(c)(2) motion or otherwise explaining its sentence. And although Cannon mentioned the factors in his section 3582(c)(2) motion, the factors never were tied to the facts of his case, either by Cannon or by the government. We cannot say that the record demonstrates that the pertinent factors

4

were taken into account by the district court.  See id. (vacating and remanding where district court summarily granted section 3582(c)(2) motion without explaining its sentence).

Because the record does not show that the court considered the section 3553(a) factors in deciding to reduce Cannon's sentence, we cannot engage in meaningful appellate review.  We vacate and remand for the court to explain its sentence.[3]

VACATED AND REMANDED.

---

[3]Even though we conclude that a remand is necessary, we reject Cannon's argument that the district court must conduct an evidentiary hearing on his motion.  Nothing in section 3582(c)(2) requires a district court to conduct an evidentiary hearing, and there are no new fact determinations to be made here.  See United States v. Yesil, 991 F.2d 1527, 1531 (11th Cir. 1992) (the decision whether or not to grant an evidentiary hearing generally is committed to the discretion of the district court); United States v. Cothran, 106 F.3d 1560, 1563 (11th Cir. 1997).  While Cannon wishes to have a hearing to show his post-conviction substantial assistance to authorities, this information is not relevant to the section 3553(a) factors and is beyond the scope of a section 3582(c)(2) proceeding as it does not relate to a retroactively applicable guideline amendment.