[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12560
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-14028-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO FERGUSON,
a.k.a. Pimp Tony,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2009)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Antonio Ferguson, through counsel, appeals the district court's denial of his

motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment

706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine offenses. On appeal, Ferguson concedes that our precedent forecloses his argument, but, in order to preserve the issue, argues that the district court erred in denying his motion. After thorough review, we affirm.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Sentencing Commission has noted that a defendant is ineligible for a sentence reduction where an "amendment does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)).

Ferguson correctly concedes that our holding in United States v. Williams, 549 F.3d 1337 (11th Cir. 2008), controls the outcome of the case. Because Ferguson's guideline range was based on the statutory minimum sentence of 240 months' imprisonment, rather than the guideline section applicable to drug

2

offenses, Amendment 706 did not affect the range and he was ineligible for a sentence reduction under § 3582(c)(2).  See Williams, 549 F.3d at 1342 (holding that a defendant was not eligible for a sentence reduction under Amendment 706 because he "was subject to a statutory mandatory minimum that replaced his original sentencing guideline range").  Accordingly, we affirm.

**AFFIRMED.**