[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15518

_____

D.C. Docket No. 2:06-cr-14028-KMM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO FERGUSON,
a.k.a. Pimp Tony,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 1, 2012)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

This appeal presents the issue whether recent amendments to the Sentencing Guidelines permitted the district court to reduce the sentence of a defendant who was sentenced based on a statutory mandatory minimum penalty, see 21 U.S.C. § 841(b)(1)(A), but later received a reduction in his term of imprisonment based on his substantial assistance to the government.  Antonio Ferguson appeals the denial of his motion for a reduced sentence, 18 U.S.C. § 3582(c)(2).  Ferguson contends that Amendment 759 to the Sentencing Guidelines, U.S.S.G. App. C, amend. 759 (Nov. 2011), granted the district court the authority to reduce his sentence based on Amendment 750, which revised the crack cocaine quantity tables, U.S.S.G. § 2D1.1, to conform to the Fair Sentencing Act of 2010, U.S.S.G. App. C, amend. 750 (Nov. 2011).  We held in United States v. Williams, 549 F.3d 1337 (11th Cir. 2008), that a defendant sentenced on the basis of a statutory mandatory minimum penalty is ineligible for a sentence reduction, but Ferguson contends that Williams does not apply where the defendant's sentence was later lowered based on his substantial assistance to the government.  We disagree and affirm.

## I. BACKGROUND

In 2006, Ferguson pleaded guilty to conspiracy to possess with intent to

distribute 50 grams or more of crack cocaine and 500 grams or more of a mixture containing cocaine, see 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). The presentence investigation report provided that Ferguson was responsible for 307.5 grams of crack cocaine and 252 grams of powder cocaine. The report provided a base offense level of 34, U.S.S.G. § 2D1.1(a)(3). Ferguson's offense level was reduced 3 points for his acceptance of responsibility. His offense level of 31, combined with his criminal history category of III, yielded a guideline imprisonment range of 135 to 168 months. But section 841(b)(1)(A) required a statutory minimum sentence of 240 months of imprisonment, so that sentence became Ferguson's guideline range, see U.S.S.G. § 5G1.1(b). The district court sentenced Ferguson to the statutory minimum term of 240 months of imprisonment.

In 2007, the government moved for a reduction in Ferguson's sentence based on his substantial assistance, see 18 U.S.C. § 3553(e). The district court granted the motion and sentenced Ferguson to 120 months of imprisonment.

In 2008, Ferguson filed a motion to reduce his sentence, 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which retroactively lowered the offense levels for certain crack cocaine offenses. The district court denied the motion on the ground that Ferguson's sentencing range was unaffected by the retroactive application of Amendment 706 because he was

3

sentenced based on a statutory mandatory minimum penalty.  This Court affirmed

the denial of Ferguson's motion.  United States v. Ferguson, 323 F. App'x 871,

872 (11th Cir. 2009) (per curium).  We held that, under Williams, 549 F.3d 1337,

Amendment 706 did not affect Ferguson's guidelines range, which made him

ineligible for a sentence reduction.  Ferguson, 323 F. App'x at 872.

In 2009, the government filed a second motion for a reduction in Ferguson's

sentence on the ground that Ferguson had again provided substantial assistance to

the government.  The district court granted the motion.  The district court

sentenced Ferguson to 96 months of imprisonment.

In November 2011, the United States Sentencing Commission promulgated

Amendment 750 to the sentencing guidelines.  Among other things, Amendment

750 lowered the base offense levels for crack cocaine offenses.  U.S.S.G. App. C,

amend. 750 (Nov. 2011); see U.S.S.G. § 2D1.1(c)(3) (Nov. 2011).  The

Sentencing Commission agreed that this part of Amendment 750 would become

retroactive on November 1, 2011.  See U.S.S.G. § 1B1.10(c).

The Sentencing Commission later promulgated Amendment 759 to the

Sentencing Guidelines, which added new language to the policy statement in

section 1B1.10(b)(2)(A).  Section 1B1.10(b)(2)(A) provides that a district court

may not "reduce the defendant's term of imprisonment under 18 U.S.C. [section]

4

3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A) (Nov. 2011).  "Before Amendment 759, an exception to that limitation allowed a district court to lower a defendant's prison sentence below the amended guidelines range if the original sentence was, for any reason, below the original guidelines range." United States v. Glover, No. 12-10580, slip op. at 9 (11th Cir. July 11, 2012); see also U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 2010).  Amendment 759 narrowed that exception and permitted a district court to "lower a defendant's sentence below the amended guidelines range only if the original sentence was below the original guidelines range because the defendant provided substantial assistance to the government," Glover, slip op. at 9–10:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 2011).  In turn, subdivision (1) of subsection (b)(2)(B) states that, to determine "whether . . . a reduction in the defendant's term of imprisonment . . . is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the

guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced." Id. § 1B1.10(b)(2)(B)(1).  Amendment 750 is the only amendment relevant to this appeal that is listed in subsection (c).

On November 4, 2011, Ferguson filed a motion to reduce his sentence based on Amendments 750 and 759.  The government objected on the ground that Amendment 750 did not apply to Ferguson's sentence because he was sentenced on the basis of a statutory mandatory minimum penalty: that is, Ferguson was sentenced based on section 5G1.1(b) of the Sentencing Guidelines, not section 2D1.1, which provides the amended crack cocaine guidelines.  The district court denied Ferguson's motion.

## II. STANDARDS OF REVIEW

We review every issue in this appeal de novo.  "In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (internal quotation marks omitted). "We review de novo questions of statutory interpretation."  Id.

## III. DISCUSSION

Ferguson argues that he is eligible for a sentence reduction based on Amendment 750, but "[a] court may only modify a term of imprisonment . . .

6

where a defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" United States v. Lawson, No. 11-15912, slip op. at 3 (11th Cir. July 13, 2012) (quoting 18 U.S.C. § 3582(c)(2)). "[A] court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case." Glover, slip op. at 7. In other words, if an amended guideline does not have the effect of lowering the defendant's sentencing range, the district court has no authority to reduce the defendant's sentence. Williams, 549 F.3d at 1339–42; Moore, 541 F.3d at 1330.

Ferguson argues that Amendment 759 renders the ordinary restriction on the authority of the district court inapplicable to defendants who, like him, later received reductions in their sentences based on their substantial assistance to the government, but our recent decision in Glover forecloses Ferguson's argument. Like Ferguson, Glover was sentenced based on a statutory mandatory minimum penalty and later received a reduction in his term of imprisonment based on his substantial assistance to the government. Glover, slip op. at 2–3. When Glover moved to reduce his sentence on the ground "that the combined force of Amendments 750 and 759 to the sentencing guidelines makes him eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)," id. at 6, we rejected his

7

argument "[b]ecause his guidelines range was based on a statutory mandatory minimum, [and] Amendment 750 did not lower [his] guidelines range." Id. at 8. We are bound by Glover. See Lawson, slip op. at 3 ("We are bound by a prior panel opinion until the opinion's holding is overruled by the Supreme Court or by our Court sitting en banc.").

Because the district court lacked the authority to reduce Ferguson's sentence, we **AFFIRM** the denial of Ferguson's motion.