[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No.  19-13868
Non-Argument Calendar

————————————————

D.C. Docket No. 8:13-cr-00317-JSM-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAGDONIO GUAITOTO LONDONO,
a.k.a.
Pega Duro,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(August 27, 2020)

Before MARTIN, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Magdonio Guaitoto Londono appeals the district court's denial of his 18 U.S.C. section 3582(c)(2) motion to reduce his sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. But in his brief he does not argue the merits of the district court's denial of his motion for a sentence reduction. Londono, instead, argues that he is innocent of any crime and that the government acted outside its jurisdiction to charge him with a crime in the first place. The government has filed a motion for summary affirmance and to stay the briefing schedule. Because we have no jurisdiction to review the arguments Londono raises in his appeal, and Londono was not entitled to relief on the only argument we do have jurisdiction to review, we grant the government's motion for summary affirmance and deny the motion to stay the briefing schedule as moot.

After the U.S. Coast Guard apprehended and arrested three men on a go-fast boat and charged them with conspiring to distribute cocaine, the smugglers revealed that they had been working with Londono, who was later arrested by Colombian police and extradited to the United States. A grand jury charged Londono with conspiring "to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine . . . contrary to the provisions of Title 46, United States Code, Section 70503(a)(1)." Londono entered a guilty plea, and the pre-sentence investigation report—to which Londono did not object—calculated his sentencing range as being between 210 and 262 months in

2

prison.  The district court accepted Londono's plea and, in 2016, sentenced him to 210 months in prison, to be followed by five years of supervised release.

Three years later, Londono filed a motion for a reduction in his sentence under 18 U.S.C. section 3582(c) and Amendment 782.  Londono wrote that he had learned his lesson and needed to care for his family, and he asked for a two-point deduction for being a first-time, non-violent offender or for any other available deduction.  The district court denied the motion because "Amendment 782 was in effect at the time of [Londono's] sentencing on July 28, 2016."

Londono appealed the order to this court, but in his initial brief, he argues only that he is innocent and the government lacked jurisdiction to search and seize the go-fast boat in international waters.  The government moved for summary affirmance because Amendment 782 was effective when Londono was sentenced, and therefore its retroactive application could not have changed Londono's guideline range.  As to the arguments Londono makes in his brief, the government contends we are without jurisdiction to decide them.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied" or "those in which the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to

3

the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969).

In a section 3582(c)(2) proceeding, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). A district court's decision whether to reduce a sentence under section 3582(c)(2) is reviewed for an abuse of discretion. Id. And we review questions of subject matter jurisdiction de novo. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).

Although we liberally construe pro se briefs, we do not make arguments for the parties, and issues not briefed are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). An appellant who fails to challenge one of the grounds independently relied on below is deemed to have abandoned any challenge of that ground, and "it follows that the judgment is due to be affirmed." See Sapuppo v. Allstate Floridian Ins. Co., 739 F. 3d 678, 680 (11th Cir. 2014).

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by statute or rule." United States v. Puentes, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may "modify an imposed term of imprisonment to the extent . . . expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Under section 3582(c)(2), a district court

4

may reduce a prisoner's term of imprisonment if the prisoner was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). However, "[a]ny retroactive reduction in sentence subsequent to a motion filed under [section] 3582(c)(2) must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003) (quoting 18 U.S.C. § 3582(c)(2)).

The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, provides the following:

(a) Authority.—

(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). . . .

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under . . . § 3582(c)(2) if—

(A) None of the amendments listed in subsection (d) is applicable to the defendant . . . .

        . . . .

(d) Covered Amendments.—Amendments covered by this policy statement [include] . . . 782 (subject to subsection (e)(1)).

(e) Special Instruction.—

(1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.

U.S.S.G. § 1B1.10(a)(1)–(2), (d), (e)(1).   Thus, "for a sentence to be reduced retroactively under [section] 3582(c)(2), a court must determine whether there has been an amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence and is listed under [section] 1B1.10([d])." Armstrong, 347 F.3d at 907.  Amendment 782 is a listed amendment in section 1B1.10(d).  See U.S.S.G. § 1B1.10(d).

However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, [section] 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10, comment (n.1(A)(ii)) (a reduction is not authorized where "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.").  A section 3582(c)(2) proceeding does not constitute a de novo resentencing, and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F. 3d 778, 781 (11th Cir. 2000) (emphasis omitted).

6

As an initial matter, we lack jurisdiction to review the arguments in Londono's brief—that he's innocent and that there was no jurisdiction to charge him—because they do not address the district court's denial of his motion to reduce his sentence, which was the only order appealed. "Where the appellant notices the appeal of a specified judgment only or a part thereof . . . [we have] no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." C. A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir. 1981). Arguments about factual innocence and our jurisdiction attack the underlying judgment, which is not before the court in this appeal.[1]

Moreover, because Londono does not argue that the district court erred in denying his motion for a sentence reduction, he has abandoned any argument to the contrary, and we must affirm the denial of his motion for that reason. Sapuppo, 739 F.3d at 680. But, even if Londono did argue that the district court erred in its section 3582(c)(2) order, the district court did not abuse its discretion because his guideline range was calculated after the effective date of Amendment 782. See U.S.S.G. App. C, Amend. 782 (Nov. 1, 2014). Because Londono had already received the benefit of Amendment 782, his offense level calculation, and his advisory guideline range, could not have changed. Section 3582(c)(2) did not authorize a reduction in

---

[1] Londono has separately appealed the final judgment in Case No. 19-13302.

7

his sentence.  See Moore, 541 F.3d at 1330 ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, [section] 3582(c)(2) does not authorize a reduction in sentence.").

Because we lack jurisdiction to decide the issue Londono does raise in his initial brief, and any argument about the district court's section 3582(c)(2) order would be meritless, there is no substantial question that the district court did not abuse its discretion in denying Londono's motion to reduce his total sentence.  We therefore **GRANT** the government's motion for summary affirmance, see Groendyke Transp., Inc., 406 F.2d at 1162 (explaining that summary disposition is proper if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"), and **DENY** the accompanying motion to stay the briefing schedule as moot.